UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IFEANYI ORAMULU § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:08-cv-0277 |
| § | |
| WASHINGTON MUTUAL BANK, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File Amended Pleading, Doc. No. 4. For the following reasons, Plaintiff's Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff filed this lawsuit alleging claims of race, color, and national origin discrimination under the Texas Labor Code, intentional infliction of emotional distress, false imprisonment, libel, negligent hiring, supervision, training and retention, and slander in Texas state court. Defendant filed a notice of removal pursuant to 28 U.S.C. § 1446(d) on January 24, 2008. Plaintiff filed the pending Motion for Leave to File Amended Pleading on February 20, 2008. In his motion, Plaintiff states that the amended complaint would "identify the proper Defendant, eliminate certain causes, request a jury trial, and state an amount Plaintiff demands." (Mot. Leave File ¶ 10.) Defendant correctly notes that the proposed First Amended Complaint also recasts Plaintiff's discrimination claims as arising under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Defendant does not argue that it will be prejudiced by this amendment. Instead, Defendant maintains that Plaintiff's jury demand is untimely and that some of Plaintiff's newly asserted claims would be futile.

### II. ANALYSIS

### A. Jury Demand

Defendant argues that Plaintiff's demand for a jury trial is untimely because Plaintiff failed to make the demand within ten days after service of the notice of removal as required by Federal Rule of Civil Procedure 81(c). FED. R. CIV. P. 81(c). Although Plaintiff's demand does appear to be untimely, the Court may, in its discretion, relieve a party from waiver of jury trial under Rule 39 (b). *See* FED. R. CIV. P. 39(b); *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). "[W]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. A motion for trial by jury under this rule should be favorably received unless there are persuasive reasons to deny it." *Id.* (internal citations and quotation marks omitted). Although it is not generally an abuse of discretion to deny a Rule 39(b) motion when the failure to make such a demand results only from inadvertence, *see, e.g., Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 873 (5th Cir. 1991); *Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985), the Court "ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied." *Lewis*, 767 F.2d at 257.

There are no persuasive reasons for denying Plaintiff's jury demand, even if the failure to make a timely demand was due to inadvertence. Even though the Fifth Circuit has upheld a district court's denial of a Rule 39 motion where the failure to make a timely demand was the result of inadvertence, *see, e.g., Farias*, 925 F.2d at 873; *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970), it has not held that a Court cannot allow a party to make a jury demand under Rule 39 just because the failure to make a timely demand was the result of inadvertence. Indeed, *Lewis* counsels the Court to take account of the entire factual situation of the particular case. 767 F.2d at

257. Furthermore, the Court notes that this case does not involve a lengthy delay. Plaintiff made its jury demand less than a month after this case was removed to federal court and before a scheduling order was even in place.[1] Nor have Defendants alleged any surprise, prejudice, or unfairness that would result from allowing this case to proceed before a jury. The Court therefore grants Plaintiff's request for a trial by jury under Federal Rule of Civil Procedure 39(b).[2]

### B.  Futility

Although not automatic, leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see also Little v. Liquid Air Corp*, 952 F.2d 841, 845-46 (5th Cir. 1992), aff'd 37 F. 3d 1069 (5th Cir. 1994). In exercising its discretion to grant or deny leave to amend, the Court may consider, among other things, "futility of amendment." *Foman v. Davis*, 371 U.S. 171, 182 (1962); *Little*, 952 F.2d at 846.

#### 1.  Title VII Race and Color Discrimination Claims

Defendant argues that Plaintiff's claims for race and color discrimination under Title VII are futile because Plaintiff failed to exhaust his administrative remedies with regard to these claims.

Plaintiff was required to exhaust administrative remedies before bringing this claim in court by filing a charge of discrimination with the EEOC describing the alleged discriminatory conduct. *See* 42 U.S.C. §§ 200e-5(a), (e); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). "The scope of inquiry of a court hearing in a Title VII action "is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Young*, 906 F.2d at 179 (citing *Sanchez v. Standard Brands*, 431 F.2d 455, 466 (5th Cir. 1970)).

---

[1] Trial is now set for April 27, 2009.

[2] The Court believes that such a finding is appropriate despite the fact that Plaintiff has not specifically requested Rule 39(a) relief. *See Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964) ("[W]hen a demand [for jury trial] has been made, though untimely, it is not reversible error for the district court to exercise its discretion under Rule 39(b) even though we have advised previously that '[a] motion to the court under Rule 39 rather than service of a demand under Rule 38 is the proper course . . .'" (internal citation removed)).

"The scope of inquiry is not, however, limited to the exact charge brought to the EEOC." *Id.* A Title VII action:

> may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.

*Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983).

In the instant case, Plaintiff checked a box indicating that the discrimination against him was based on "national origin" and did not check the boxes for "race" or "color" and indicated in his sworn statement that he believed he was discriminated against because of his national origin. The Court finds, however, that the claim of race discrimination is sufficiently related to the claim of national origin discrimination, and that the scope of the EEOC's investigation reasonably could have been expected to include race discrimination. *See, e.g.*, *Magana v. Tarrant/Dallas Printing*, 1999 WL 706122, at *1 (5th Cir. 1999) (unpublished); *Solorzano v. Shell Chem. Co.*, 2001 WL 564154, at *2 (5th Cir. 2001) (unpublished); *Sagaral v. Wal-Mart Stores Texas LP*, 516 F.Supp.2d 782, 792 -793 (S.D. Tex. 2007). Defendant claims that Plaintiff's primary complaint is that he was treated more harshly than Robert Cherry, an African-American fellow employee. In both his EEOC charge and his complaint, however, Plaintiff also alleges that he was the only person at the branch to be disciplined for alleged policy violations, not just that he was treated more harshly than Mr. Cherry. The Court has no reason to believe at this juncture that all other employees at the branch were also African-American. The Court does not find, therefore, that Plaintiff's claims are clearly futile, and will allow Plaintiff to assert these claims in his Amended Complaint.

### B.     Section 1981 National Origin Discrimination Claim

Defendant correctly notes that the Supreme Court has found that a claim of discrimination based "solely on the place or nation of . . . origin" is not cognizable under 42 U.S.C. § 1981. *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987) (defining race discrimination broadly).

Plaintiff's complaint refers collectively to a claim for discrimination on the basis of race, color and national origin under Title VII and 42 U.S.C. § 1981. (Pl.'s Am. Compl. ¶ 5.) To the extent that Plaintiff specifically intended to make a claim for national origin discrimination under 42 U.S.C. § 1981, that claim would be futile. However, under the circumstances, the Court sees no reason to deny Plaintiff's Motion for Leave to File the Amended Complaint simply because one theory of recovery that could possibly be read as included in the complaint is not viable.

### III. CONCLUSION

Plaintiff's Motion for Leave to File, Doc. No. 4, is hereby **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** this 17the day of April, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT