UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IFEANYI ORAMULU,<br>    Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK,<br>    Defendant. | §<br>§<br>§<br>§   C.A. No. H-08-00277<br>§<br>§<br>§<br>§ |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration of Order to Pay Cost to Defendant's Counsel for Preparation of Objection to Plaintiff's Motion for Extension of Time to File Response to Defendant's Motion for Summary Judgment. (Doc. No. 24.)

## I. INTRODUCTION

On April 14, 2009, the Court granted in part Plaintiff's Motion for Extension of Time but awarded costs incurred by Defendant in preparing its Response to Plaintiff's Motion to reduce prejudice to Defendant. Plaintiff's Motion for Extension of Time was filed after the expiration of the deadline for filing his Response. Plaintiff made only a minimal showing of excusable neglect because Plaintiff's excuses centered around the fact that his counsel was too busy to complete the Response on time. FED. R. CIV. P. 6(b)(1)(B); *Draper v. KK Ford, L.P.*, 196 Fed. Appx. 264, 265 (5th Cir. 2006) (not designated for publication) (counsel's engagement in several state court homicide cases and that another counsel was moving office is not excusable neglect). On May 15, 2009, Plaintiff moved for the Court to reconsider its decision to award costs.

## II. STANDARD

Plaintiff does not specify the federal rule under which he urges his Motion. A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Such a motion must "clearly establish either a manifest error of law or fact or must present newly discovered evidence. These reconsideration motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). In considering a motion for reconsideration under either 59(e) or 60(b), a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

### III. ANALYSIS

Plaintiff argues that FED. R. CIV. P. 37(b)(2) sanctions should be just and related to the particular claim which was at issue in the order to provide discovery. Plaintiff reiterates that his Response was late because he had a very heavy caseload at the time. In addition, Plaintiff contends that spending six hours on a five-page objection results in a fee that is not reasonable.

Defendant contends that Plaintiff's Motion provides no reason for reconsideration that constitutes either a manifest error of law or fact or any newly discovered evidence. Instead, Defendant contends that Plaintiff offers as a reason only his purported heavy caseload. In addition, Defendant responds that the submitted counsel's fee was not unreasonable because it was a fair calculation of the lodestar amount of a $355/hr rate for six hours.

### 1. Reasonableness of the Fee

In evaluating a fee award, the Court determines the amount of attorneys fees to which a prevailing party is entitled through a two-step process. *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000), *cert. denied*, 533 U.S. 929 (2001). First, the court calculates the "lodestar" by multiplying the reasonable amount of hours spent on the case by the reasonable hourly rate. *Id.* Second, the court considers whether the lodestar amount should be adjusted upwards or downwards based on the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[1] The Supreme Court has held that there is a "strong presumption" that the lodestar figure, without adjustment, is the reasonable fee award. *Kenny v. Perdue*, 532 F.3d 1209 (11th Cir. 2008) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). In considering the reasonable hours expended, the court must determine "whether the attorneys demonstrated adequate billing judgment by '[w]riting off unproductive, excessive or redundant hours.'" *Jones v. White*, No. H-03-cv-2286, 2007 WL 2427976, at *2 (S.D. Tex. Aug. 22, 2007) (citing *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996)); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

The reasonable rate is determined by examining the range of market rates for attorneys with reasonable skill and experience in the community. *See Watkins v. Fordice*, 7 F.3d at 458-59. A survey of recent cases in the Southern District of Texas demonstrates

---

[1] The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

that rates upwards of $300 are customary in the employment litigation context. *See, e.g., Prater v. Commerce Equities Management Company, Inc.*, No. H-07-cv-2349, 2008 WL 5140045, at *4 (S.D.Tex. Dec. 8, 2008); *Lee v. Dollar Tree Stores, Inc.*, No. H-07-cv-0955, 2007 WL 1481075, at *3 (S.D. Tex. May 21, 2007); *Firth v. Don McGill of West Houston, Ltd.*, No. H-04-cv-0659, 2006 WL 846377, at *6 (S.D. Tex. Mar. 28, 2006). The Court finds that $355 is a reasonable fee for an employment attorney who has been practicing for nearly 15 years and, without any specific argument that a five-page Response cannot reasonably require six hours, six hours is a reasonable hourly total for the research required for the Response. Given the strong presumption against doing so and the lack of argument from either party that an adjustment is needed, the Court will not adjust the fee award pursuant to the *Johnson* factors.

### 2. Basis for Costs

Plaintiff's Motion for extension of time was filed one day out of time and claimed that part of the reason for the delay was emergency hearings. The Court found this showing could barely justify a finding of excusable neglect. *See, Lujan v. National Wildlife Federation*, 497 U.S. 871, 897-98 (1990) (describing the need for the plaintiff to make a showing of cause and excusable neglect to satisfy FED. R. CIV. P. 6(b)). Because of this Court's policy of resolving issues on the merits, rather than on procedural technicalities, it decided to grant the Motion on this barest of showings. *See, e.g., Whitehead By and Through Whitehead v. School Bd. for Hillsborough County*, 932 F.Supp. 1396, 1399 (M.D.Fla. 1996) (considering a late filed response for the same reasons).

In considering excusable neglect, the Court may consider factors including prejudice to the opponent as well as the causes for delay, the length of the delay, and whether the moving party had failed to provide for a consequence that was readily foreseeable. *See, e.g., Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 385-86, 390-95 (1993) (construing the term "excusable neglect" as an elastic concept not limited to omissions caused by circumstances beyond the control of the movant and noting that the bankruptcy rule, at issue in that case, was patterned after FED. R. CIV. P. 6(b)).[2] In order to reduce the prejudice to Defendant because of the late filing and Plaintiff's repeated motions for extensions of time in this case, the Court awarded Defendant costs for preparing its Response to the Motion. Plaintiff has provided no reasons for the Court to reconsider its decision to so act.

## IV. CONCLUSION

Plaintiff's Motion (Doc. No. 24) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 11 day of June, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.

---

[2] The Fifth Circuit applies *Pioneer Services* outside the bankruptcy context. *See, e.g., Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 468 (5th Cir. 1998).